**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| J Graham Zahoruiko, | Case No. 24-20139 (JJT) |
| Debtor. | Re: ECF No. 93 |

**MEMORANDUM OF DECISION AND ORDER**
**APPROVING IN PART AND DISALLOWING IN PART**
**FINAL APPLICATION FOR COMPENSATION OF DEBTOR'S COUNSEL**

Before the Court is the Application for Allowance and Payment of Compensation for Services Rendered by Anthony S. Novak, Counsel to the Debtor (Application, ECF No. 93). In the Application, Attorney Novak seeks approval of attorney's fees in the amount of $24,650 and expenses of $485.88. After the Chapter 13 Trustee filed a statement of no objection to the Application (ECF No. 98), the Court held a hearing on February 6, 2025, and took the matter under advisement. The Court then directed Attorney Novak to file a copy of the retention agreement between him and Debtor, which he did on February 19, 2025 (ECF No. 104). For the following reasons, the Court approves in part and disallows in part the fees sought and allows reimbursement of the expenses sought in full.

1. Background

The Debtor filed this Chapter 13 case on February 21, 2024. Included with the petition was the Disclosure of Compensation of Attorney for Debtor(s) as required by Rule 2016(b) of the Federal Rules of Bankruptcy Procedure and 11

U.S.C. § 329 (2016(b) Form). According to the 2016(b) Form, Attorney Novak indicated that he had agreed to accept $7,500 for legal services in this case. The 2016(b) Form specified what did and did not fall within that fee and made reference to a Bankruptcy Retainer Agreement dated December 21, 2023 (Retainer Agreement, ECF No. 104).[1]

As evidenced by the docket and detailed further in this Court's December 19, 2024 Memorandum of Decision and Order Overruling Debtor's Objection to Claim 13-1 and Granting Creditor's Motion to Dismiss (ECF No. 85), much of the Debtor's counsel's efforts in this case were directed towards fighting the claim on a final judgment in favor of Premier Capital, LLC. In that Memorandum of Decision, the Court both determined that the Debtor's objection to Premier's proof of claim was meritless and that dismissal with a two-year bar order was warranted due to the Court's conclusion "that the Debtor's intentions and purpose [were] abusive and dilatory, and that his Chapter 13 Plan lack[ed] good faith."

Attorney Novak then filed his Application on January 9, 2025. Six days later, the Debtor and Attorney Novak filed an Amended 2016(b) Form (ECF No. 97), which provided that Attorney Novak was now charging $24,650 for all of his legal services in this case. The Amended 2016(b) Form included a cover sheet signed by

---

[1] The Retainer Agreement covers those aspects of the retention covered by the flat fee, such as preparation of the bankruptcy petition, and those that are not, such as appeals. It also addresses matters such as when the retention ends and expectations regarding changes in the Debtor's financial situation. The Retainer Agreement does not materially conflict with the 2016(b) Form.

2

the Debtor indicating that he was amending his petition to include the Amended 2016(b) Form, but gave no indication as to why.[2]

2. Discussion

Under 11 U.S.C. § 330(a)(1), the Court may award:

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
(B) reimbursement for actual, necessary expenses.

"The court may . . . award compensation that is less than the amount of compensation that is requested." *Id.*, § 330(a)(2). To determine what constitutes reasonable compensation, the Court looks at, among other things:

(A) the time spent on such services;
(B) the rates charged for such services;
(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.*, § 330(a)(3). "Under Section 330(a), the applicant bears the burden of proof on its claim for compensation. . . . Even in the absence of an objection, the bankruptcy court has an independent duty to review fee applications to protect the estate." *In re Molina*, 632 B.R. 561, 571 (Bankr. S.D.N.Y. 2021) (cleaned up).

---

[2] The Amended 2016(b) Form likewise references the Retainer Agreement, which was not amended.

3

"Federal courts apply state law when ruling on the interpretation of contractual attorney fee provisions." *Alderman v. Pan Am World Airways*, 169 F.3d 99, 103 (2d Cir. 1999). The Retainer Agreement was executed in Connecticut by two Connecticut parties for services rendered in Connecticut, so that is the applicable law. Additionally, the 2016(b) Form is interpreted by bankruptcy courts as similar to a contract. *In re Molina*, 632 B.R. at 572.

The Court does not intend to do a line-by-line analysis of Attorney Novak's time records. A review of those entries, however, shows three broad categories: (1) items covered by the flat fee as denoted by the 2016(b) Form and the Retainer Agreement, (2) items pertaining to the meritless attack on Premier's proof of claim, and (3) other items outside the flat fee.

The 2016(b) Form provides that the $7,500 flat fee includes:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

and also includes those items delineated in the Retainer Agreement (which does not materially contradict the 2016(b) Form). Consistent with a lawyer's professional responsibilities, the Court construes those services to include advice, instruction, and assessment of the Debtor's obligations and bona fide legal rights. Not included in the flat fee are adversary proceedings and contested matters.

Based upon the plain language of the 2016(b) Form and the Retainer Agreement, all of the prepetition activity between the Debtor and Attorney Novak is

4

covered by the flat fee. The time records indicate that more than $7,500 worth of time was expended in that period. After the petition was filed, there are several other activities that are covered by the flat fee, but the Application seeks additional compensation for them. Although an Amended 2016(b) Form was filed after the Application, the Court will hold Attorney Novak to his original bargain and not allow for a post hoc adjustment to the flat fee.[3] The Court further determines that the $7,500 flat fee was reasonable and necessary under § 330 but does not allow any additional compensation for those activities covered under that flat fee.

Much of the rest of the entries, however, pertained to the meritless and ill-advised litigation with Premier. Although the Court invited briefing and argument on the Debtor's objection to Premier's proof of claim, it became apparent to the Court that, notwithstanding well-established law, the Debtor merely wanted to relitigate matters that had already been decided by courts of competent jurisdiction.[4] Even if such was the Debtor's goal, his counsel, bound by the Rules of Professional Conduct and Rule 11 of the Federal Rules of Civil Procedure, should plainly have known better than to travel that unavailing path. The Court therefore determines that these activities were not reasonable, necessary, or beneficial to the estate or the Debtor because they were, as previously adjudicated in the Court's prior Memorandum of Decision (ECF No. 85), patently frivolous. The Court will not countenance payment for them.

---

[3] In effect, *caveat emptor*.
[4] The Court's invitation to brief the objection was not an invitation to relitigate but for Attorney Novak to determine whether the objection had any reasonable basis founded in law and to so educate the Court as is his burden.

Reviewing the rest of the line items, the Court determines that only $1445 pertained to activities that were not included under the flat fee and not patently unproductive. The corresponding dates of these items are:

- May 28, 2024
- June 12, 2024 (0.8 hours only)[5]
- June 25, 2024
- June 27, 2024[6]
- July 31, 2024
- August 5, 2024

As the Debtor and his counsel are so obliged, the activities corresponding with these entries progressed the case—to a certain point. Once Premier filed its motion to dismiss and Attorney Novak had a considered opportunity to review its basis—the final entry noted above—it should have been apparent to him that there was no objectively reasonable basis to continue to fight Premier's claim and everything after that point not covered by the flat fee was a wasteful exercise.[7] The Court thus allows only $1445 of that sought beyond the $7500 flat fee.

In contrast, the Court determines that the expenses sought by Attorney Novak were customary and necessary. The Court accordingly allows reimbursement of those expenses of $485.88 in full. Because the total amount of allowed compensation and expenses is less than the amount provided as a retainer (as noted in the Amended 2016(b) Form and the Application), Attorney Novak is directed to

---

[5] The other 0.3 hours related to confirmation.
[6] Unlike the other matters related to Premier, achieving the withdrawal of the prior claim was useful.
[7] It is possible that there was never an objectively reasonable basis at any point to contest Premier's claim, but the Court will give the benefit of the doubt up the August 4, 2024 entry.

return the balance of $2,387.12[8] to the Debtor and to certify his compliance upon the docket of this case within two weeks of the date of this order.

3. Conclusion

For the foregoing reasons, it is hereby

ORDERED: The Application is approved in part and disallowed in part, such that Attorney Novak is allowed fees of $8945 and reimbursement of expenses of $485.88; and it is further

ORDERED: Attorney Novak is directed to return the unearned amount of any retainer to the Debtor within fourteen (14) days of the entry of this order and to thereafter promptly certify the same upon the docket of this Chapter 13 case.

IT IS SO ORDERED at Hartford, Connecticut thus 2nd day of April 2025.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut

---

[8] Attorney Novak's retainer of $11,818 minus $8,945 in fees and $485.88 in expenses.